WAYNE GONZALES

VERSUS

MELISSA GONZALES

NO. 21-C-172

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 805-162, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING


July 02, 2021


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and Stephen J. Windhorst


**AFFIRMED**
   **SJW**
   **FHW**
   **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Assistant Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
WAYNE GONZALES
 Yazan Rantisi
 Brett Bajon

COUNSEL FOR DEFENDANT/RELATOR,
MELISSA GONZALES
 Richard L. Ducote
 Victora McIntyre

**WINDHORST, J.**

Defendant, Melissa Gonzales, seeks review of the trial court's March 25, 2021 ruling that La. C.E. art. 1101 B(2)'s relaxed evidentiary standard applies in a hearing on both custody issues and on a petition for protection from abuse pursuant to La. R.S. 46:2131, *et seq*. For the reasons which follow, we affirm the trial court.

**FACTS and PROCEDURAL HISTORY**

On October 27, 2020, Ms. Gonzales filed an objection to the domestic commissioner's granting of an order of protection pursuant to La. R.S. 46:2131 on behalf of Wayne Gonzales and the couple's minor child, K.G., against Ms. Gonzales, and awarding Mr. Gonzales sole custody and Ms. Gonzales supervised visitation. At the district court *de novo* hearing on Ms. Gonzales' objection, the parties disagreed as to whether La. C.E. art. 1101 B(2) applies, allowing for a relaxation of certain exclusionary rules with regard to testimony.[1] Mr. Gonzales argued that because custody of the child is also at issue, this rule applies. Ms. Gonzales argued that the rule should not apply because there are serious implications resulting from the petition for protection from abuse order, including a possible prohibition of possession of a firearm and the potential for criminal prosecution if she violates the order, which requires stricter due process standards and safeguards.

The trial court ruled that a relaxed evidentiary standard pursuant to La. C.E. art. 1101 B(2) applies because regardless of whether the child custody issue is ancillary to the initial Petition for Protection from Abuse, the court must decide whether sole custody and supervised visitation should be maintained, which requires a best interest of the child analysis and custody determination implicating the La. C.E. art. 1101 B(2) relaxed evidentiary rule.

---

[1] At the hearing, the issue arose during the testimony of Ms. Rebecca Helmer, who is Ms. Gonzales' mother. Mr. Gonzales' attorney was questioning Ms. Helmer regarding incidents the minor child spoke about to her. Ms. Gonzales' attorney objected to the questions because they called for hearsay responses.

**LAW and ANALYSIS**

The question of whether the relaxed evidentiary standard of La. C.E. art. 1101B(2) applies when a child custody determination is tried in the same evidentiary hearing with a Petition for Protection from Abuse based on La. R.S. 46:2131 appears to be a *res nova* issue.

A trial court's determinations regarding what evidence is admissible for the trier of fact to consider will not be overturned absent clear error. Folse v. Folse, 98-1976 (La. 6/29/99), 738 So.2d 1040. Considering the following, we cannot say the trial court abused its discretion with regard to this evidentiary ruling.

First, La. C.E. art. 1101 B(2) provides that in child custody cases, the principles underlying the Code of Evidence shall serve as guides to the admissibility of evidence, and the specific exclusionary rules and other provisions shall be applied only to the extent that they tend to promote the purposes of the proceeding. The "relaxed evidentiary standard [is] ... used to advance the purposes of the custody proceeding" because "the Louisiana legislature has concluded that the best interests of children are not served by strict application of the rules of evidence." S.L.B. v. C.E.B., 17-0978 (La. App. 4 Cir. 7/27/18), 252 So. 3d 950, 966; writ denied, 18-1442 (La. 11/20/18), 256 So.3d 992, citing Bowden v. Brown, 48,268, p. 17 (La. App. 2 Cir. 5/15/13), 114 So.3d 1194, 1205.

Ms. Gonzales' application, transcript, and attachments indicate that custody of the child is clearly the primary issue in this matter. Ms. Gonzales' objection pertained to both the granting of the Uniform Abuse Prevention Order, as well as the orders of sole custody to Mr. Gonzales and supervised visitation for Ms. Gonzales. At the trial court hearing, the parties indicated that the trial judge would consider both the abuse allegations and the consequential custody placement of the child. Notwithstanding Ms. Gonzales' argument that custody is ancillary to the relief sought in the petition for protection, the trial court will ultimately decide whether it

is in the child's best interest to remain in Mr. Gonzales' sole custody and only have supervised visitation with Ms. Gonzales.

Second, Louisiana courts have long held that the paramount consideration in any determination of child custody is the best interest of the child. C.M.J. v. L.M.C., 14-1119 (La. 10/15/14), 156 So.3d 16, 28. Every child custody case must be considered based on its own particular facts and relationships involved, with the paramount goal of reaching a decision that is in the best interest of the child. Lepine v. Lepine, 17-45 (La. App. 5 Cir. 6/15/17), 223 So.3d 666, 676. The Louisiana Supreme Court has pointed out that the trial judge sits as a sort of fiduciary on behalf of the child, and must pursue actively that course of conduct which will be of the greatest benefit to the child. C.M.J. v. L.M.C., 156 So.3d at 28-29. Given that the best interests of the child is of paramount consideration, and the relief sought in the petition for protection from abuse necessarily involves a custody determination, the trial court was within its discretionary authority in ruling that a relaxed evidentiary standard applies here.

Third, Louisiana has various statutory provisions which protect children in abusive situations, including certain provisions of the Louisiana Children's Code; La. R.S. 9:361 *et seq.,* the Post Separation Family Violence Relief Act ("PSFVRA"); and La. R.S. 46:2131, *et seq,* the Protection From Family Violence Act/Domestic Abuse Assistance Act. Teutsch v. Cordell, 44,565 (La. App. 2 Cir. 7/1/09), 15 So.3d 1272. The Louisiana Supreme Court, considering a case involving alleged sexual abuse of a child, held that La. C.E. art. 1101 B's relaxed evidentiary standard applies to custody determinations related to PSFVRA litigation. Folse, 738 So.2d at 1047-48. In Folse, the Supreme Court applied La. C.E. art. 1101 B's relaxed evidentiary standard, reasoning that the relaxed standard in PSFVRA cases was consistent with the legislative intent to promote the purposes of custody determinations and public policy regarding the welfare of children. Id.

Although the foregoing statutory provisions do not solely address the issue of child custody, the legislative purpose of provisions to protect children from abuse is necessarily relevant to the trial court's physical custody determination and placement of those children who are to be protected.

**DECREE**

Considering the Louisiana Supreme Court's guidance in Folse, *supra*, and the legislative purpose of the statutory provisions intended to protect minor children from abuse, we find that the trial court's ruling applying the relaxed evidentiary standard of La. C.E. art. 1101B in a hearing on both custody motions and a petition for protection from abuse pursuant to La. R.S. 46:2131 was within the trial court's discretion. We reach this result not because this is a hearing on a petition for protection for abuse, but because the hearing involves significant custody issues.

Nevertheless, the trial court should exercise its sound discretion in the appropriate weighing of evidence for the separate issues, *i.e.*, in considering the abuse petition, less weight should be given to evidence which might be otherwise inadmissible if tried separately.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JULY 2, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-C-172

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
YAZAN RANTISI (RESPONDENT)          RICHARD L. DUCOTE (RELATOR)

**MAILED**
VICTORA MCINTYRE (RELATOR)          BRETT BAJON (RESPONDENT)
ATTORNEY AT LAW                      ATTORNEY AT LAW
318 EAST BOSTON STREET               8550 UNITED PLAZA
2ND FLOOR                            SUITE 702
COVINGTON, LA 70433                  BATON ROUGE, LA 70809